UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN,

Plaintiff,

v.

NATIONAL PARK SERVICE, et al.,

Defendant.

Civil Action No. 26-3662 (TSC)

**ANSWER**

Defendants the National Park Service ("NPS") and Department of the Interior ("DOI"), by and through undersigned counsel, respectfully submits the following answer to the Complaint (ECF No. 1) filed by Plaintiff Public Citizen under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the separately numbered paragraphs and prayers for relief in the Complaint as follows:

1. The allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants

admit that Plaintiff purports to bring this action under the FOIA. With respect to Plaintiff's characterization of its FOIA request, Defendants aver that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent with the content of the request.

## JURISDICTION AND VENUE[1]

2. This paragraph sets forth Plaintiff's legal conclusions regarding jurisdiction and venue to which no response is required. To the extent that a response is deemed required, Defendants admit that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendants admit that NPS is an agency of the United States within the meaning of FOIA and that it is subject to the FOIA. The remainder of this paragraph sets forth Plaintiff's legal conclusions, to which no response is required.

5. Defendants admit that DOI is an agency of the United States within the meaning of FOIA and that it is subject to the FOIA. The remainder of this paragraph sets forth Plaintiff's legal conclusions, to which no response is required.

---

[1] Merely for ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings (see Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## BACKGROUND

6. Defendants admit the Plaintiff submitted a FOIA request on May 6, 2026. The allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendants aver that the request is the best evidence of its contents and respectfully refer the Court to the request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent with the content of the request.

7. Defendants admit that Plaintiff's FOIA request sought a waiver of fees. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendants aver that the request is the best evidence of its contents and respectfully refer the Court to the request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent with the content of the request. The remainder of this paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

8. Admit.

9. Admit.

10. Admit.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph other than to admit the estimated completion date is correct.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

## CAUSE OF ACTION

16. This paragraph sets forth Plaintiff's conclusions of law and characterization of this action, to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff has not received a final determination on its FOIA request. Defendants deny that they are in violation of FOIA and that Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

The remainder of the complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

### SECOND DEFENSE

The FOIA request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or would be unduly burdensome to process, as well as to the extent the request seeks to impose obligations on Defendant not required by FOIA, such

as to the extent the request would require the creation of a record or is in the nature of an interrogatory.

**<u>THIRD DEFENSE</u>**

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.

**<u>FOURTH DEFENSE</u>**

The Court lacks subject matter jurisdiction over Plaintiff's request for any relief that exceeds the relief authorized under the FOIA.

**<u>FIFTH DEFENSE</u>**

Plaintiff has not submitted a FOIA request to the Department of the Interior and thus can name it as a party to this case, if at all, only in a nominal capacity as the parent agency of the National Park Service, which received the FOIA request at issue.

Dated: November 20, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Xinyu Yang*
Xinyu Yang, Texas Bar #24098643
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-7225

*Attorneys for the United States of America*